### TURNER v. MILLER et al. (No. 2254.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 31, 1923.)

**1. Execution ☜33—Vested remainder subject to sale.**

A vested remainder is an interest in land subject to sale under execution.

**2. Homestead ☜81—Vested remainder not exempt, though remainderman is in possession by other right with life tenant.**

A vested remainder is not subject to a homestead claim, though the remainderman is in possession, under some other right, with the owner of the life estate.

**3. Homestead ☜81—Owner of 50-acre fee in undivided 250-acre tract held not entitled to homestead in 200 acres as vested remainderman after life estate in rest of tract.**

An owner of the fee in 50 acres, undivided, of a 250-acre tract, and a vested remainder after a life estate in the rest, *held* not entitled to a homestead in 200 acres; though the life tenant would have such exemption, as the sale of his vested remainder on execution would not impair his homestead rights in the 50-acre fee.

**4. Execution ☜56—Partition held unnecessary to sale of undivided remainder interest under execution.**

Partition *held* unnecessary to a sale under execution of an undivided remainder interest owned by the judgment debtor.

Appeal from District Court, Motley County; J. H. Milam, Judge.

Suit by J. C. Turner against M. F. Miller and another. From denial of a temporary injunction, plaintiff appeals. Affirmed.

E. R. Surles and G. E. Hamilton, both of Matador, for appellant.

Bouldin & Fish and C. B. Whitten, all of Matador, for appellees.

PER CURIAM. J. C. Turner owned 50 acres, undivided, out of a tract of 250 acres of land in Motley county, Tex. S. S. McCanless owned a life estate in 200 acres, undivided, out of said tract, and the said J. C. Turner owned the vested remainder in said 200 acres. There were two dwelling houses on the 250-acre tract. J. C. Turner was the head of a family, and he and McCanless lived together in one of these houses; the other house was occupied by a tenant holding under lease from McCanless. The sheriff of Motley county levied an execution, issued on a judgment in favor of R. T. Miller against Turner, on "the undivided 200 acres of land owned in remainder by J. C. Turner and in which S. S. McCanless owns a life estate," and was proceeding to advertise it for sale. J. C. Turner brought this suit against the said Miller and the sheriff to restrain such sale, alleging in substance the foregoing facts, claiming that he was entitled to a homestead of 200 acres out of said 250-acre tract, and further alleging that by reason of the facts stated he could not make designation of the particular 200 acres which should be protected from sale. In the alternative he alleged that he was entitled to a homestead exemption on 50 acres out of said 250-acre tract, which he was unable to designate by metes and bounds, and that "any excess of plaintiff's interest in said land over and above his homestead exemption cannot be legally sold under execution without partition." Plaintiff's application for a temporary injunction was denied on a hearing in chambers, which confirmed the facts above stated, and the appeal is from this action of the trial court.

The appellant concisely states the issue between the parties in this language:

"The defendants concede that appellant was entitled to a homestead in this 250-acre tract of land, and the only issue between the parties is as to the extent of that homestead; the appellant claiming on the one hand that he is entitled to 200 acres in said tract, including his 50-acre undivided interest in fee simple and enough of the remainder to make out his 200 acres, leaving an excess of 50 acres undivided in remainder, and the defendants claiming, on the other hand, that appellant is limited to his 50 acres undivided in fee simple, and that all of the remainder in which McCanless holds a life estate is subject to execution and no part of the homestead."

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We proceed by general discussion, without reference to the particular propositions, to dispose of the issue thus tendered.

[1-3] The vested remainder held by Turner was such an interest in land as was the subject of sale under execution. Caples v. Ward, 107 Tex. 341, 179 S. W. 856. Such a remainder interest, since it gives the owner no right of possession, is not subject to a homestead claim. The fact that the remainderman may be in possession, in virtue of some other right, with the owner of the life estate, does not strengthen his right to claim the remainder interest as exempt. Massillon Engine & Thresher Co. v. Barrow (Tex. Com. App.) 231 S. W. 368; Loessin v. Washington, 23 Tex. Civ. App. 515, 57 S. W. 990; Hampton v. Gilliland, 23 Tex. Civ. App. 87, 56 S. W. 572. The owner of a life estate in the position of McCanless would undoubtedly be entitled to a homestead exemption to the full 200 acres in which he owned such estate. To allow Turner's claim to a full 200-acre homestead also would necessarily "permit a homestead to be piled upon a homestead on the same land—a condition which seems to be manifestly untenable." Loessin v. Washington, supra. Any homestead claim that Turner has in the land must be by virtue of his ownership of the 50-acre undivided interest in fee; but the sale of the 200-acre remainder interest in no way affects whatever rights he may have as owner of the 50-acre fee interest, and in our opinion his lawful homestead rights are not jeopardized by the proposed sale.

The case of Jenkins v. Volz, 54 Tex. 636, most strongly relied on by appellant, does not in our opinion sustain his position. In that case Jenkins owned a 312-acre undivided interest in a 520-acre tract of land, and was claiming a full homestead interest of 200 acres, and was attempting to defeat an effort to require him, without partition, to designate a particular 200 acres as his homestead, so that his interest in the land remaining might be sold in satisfaction of the mortgage lien which was being foreclosed. The case is different from this, in that Jenkins' undivided interest of 312 acres was sufficient to allow him a full homestead exemption of 200 acres. Manifestly he could not safely designate any particular 200 acres as his homestead for the owner of the other undivided interest in the 520 acres would continue after this ex parte designation to hold an undivided interest in said 200 acres; besides, the 200 acres which he might thus designate might not be set aside to him on partition; so that ultimately, under such a procedure, Jenkins might be deprived of his full homestead exemption. The holding of the court was that the homestead right was not confined to an "undivided interest in 200 acres, * * * but extended to an undivided interest of 200 acres out of the 520-acre tract." This holding was manifestly correct, because Jenkins had a sufficient acreage interest in the large tract to more than cover the 200-acre exemption claimed. But in this case Turner has only a 50-acre interest in the whole tract on which he can assert a homestead claim, and there is in our opinion no foundation for exemption of a 200-acre homestead.

[4] The case of Jenkins v. Volz, supra, is also relied on to maintain the appellant's proposition that there could be no sale of the 200-acre remainder interest without a partition of the land between him and McCanless. In the Jenkins-Volz Case Jenkins would, after the allowance of the homestead exemption, have been the owner of 112 acres, subject to sale. A suit was brought against Jenkins by Volz to foreclose a mortgage on the 312-acre undivided interest, and he set up the homestead claim heretofore stated, and in the same plea "suggested that the other joint owners be made parties, the land partitioned, and, after the homestead 200 acres had been designated out of the part partitioned to appellants, that the excess be subjected to plaintiff's mortgage," and the court said:

"This, we think, was preferable to selling the undivided interest in the entire tract subject to the homestead. It is desirable to avoid judicial sales of uncertain interests, due regard for the interests, not only of the debtor and creditor, but of the public, who are invited to purchase, requires that the thing to be sold be definitely ascertained."

It is evident that there would be more uncertainty in that case as to what a purchaser would get at a sale without partition than in this case. To the uncertainty as to what land might be awarded Jenkins on partition with the owner of the other interest in the 520-acre tract was added the further uncertainty as to what particular land Jenkins would then designate as his homestead. As a general rule, partition is not necessary to the sale under execution of an undivided interest in land owned by the judgment debtor. Braden v. Gose, 57 Tex. 37. No particular facts are stated by appellant which would indicate a necessity for a departure from the general rule in this instance. The appellant has not asked for a partition, but simply pleads that sale cannot be legally had without it. Under the circumstances we do not think the judgment creditor should be delayed in the collection of his debt until such a proceeding can be instituted and partition effected.

Affirmed.