### BOONE v. BASSHAM et al.
#### No. 4171.

Court of Civil Appeals of Texas. Texarkana.
April 23, 1932.

Rehearing Denied June 9, 1932.

Chauncey, Fitzgerald & Hatchitt, of Longview, Hart, Patterson & Hart, of Austin, and C. F. Richards, of Lockhart, for appellant.

H. G. Corbin, of Gladewater, and Sullivan & Wilson, of Dallas, for appellees.

WILLSON, C. J. (after stating the case as above).

■ The contention first presented in appellant's brief is that it appeared in the evidence heard at the trial that the 56.6 acres of land never was the Basshams' homestead. We think the contention should be overruled. It was shown that Bassham was a farmer and owned land in Smith county on which he resided with his family and which they used as a homestead until about seven years before the time of the trial, to wit, August 13, 1931, when they moved to Dallas, "on account," Bassham testified, quoting, "of my wife's sickness." Bassham purchased the 56.6 acres of land November 19, 1928, paying for same with money he obtained by selling his homestead in Smith county. It seems he owned no other land, and he testified he bought the 56.6 acres, intending at the time, and all times thereafter, to move onto same with his family and make it their home, but to the time of the trial had been prevented from doing so by the continued illness of his wife. The land was occupied by a tenant of the owner at the time Bassham purchased it, and, after he purchased it, he rented it to the tenant by the year—refusing, the tenant testified, to rent it for a longer period, and giving as a reason for such refusal that "he bought it to live on it," and was "going to move down." While Bassham never occupied the land, he visited it from time to time, discussed the matter of having electric lights put in the dwelling house thereon, for use when he moved with his family to the land, and in the spring of 1929 personally assisted his tenant in the work of recovering said dwelling house.

■ The contention next presented in said brief is that, if the land ever became the Basshams' homestead, the mineral estate therein ceased to be a part thereof when they leased the land to A. G. Phillips and conveyed an interest therein to R. M. Wood, as shown in the statement above. It is insisted that such lease and conveyance segregated the mineral from the surface estate in the land and presented a situation inconsistent with the continued existence of the mineral estate as homestead, and hence operated as an abandonment of any claim of homestead therein. The contract in question therefore was, appellant insists, valid and enforceable, notwithstanding Bassham's wife did not join him in the execution thereof. We think the contention should be overruled. The lease to Phillips did not pass title to any of the oil and gas not taken from the land, and the conveyance to Wood was only of an undivided interest, subject to the lease, in oil and gas in and under the land. Certainly, if those instruments should be held to have operated to segregate the part of the mineral estate therein specified from the surface estate, the abandonment thus accomplished should not be held to have extended to the part of said mineral estate not so segregated. That part, we take it, if ever homestead, never ceased to be homestead, and it is that part which, as we understand appellant, he contends was covered by the contract he sought to specifically enforce.

■ Another contention presented in said brief is that the finding of the jury that appellant did not comply with his undertaking under the contract was contrary to undisputed evidence showing he did comply with same. It will be noted on referring to the statement above that J. E. B. Boone was to pay Bassham $50 in cash at the time he and Bassham entered into the contract, and $950 "on the approval of the title." It appeared in the evidence that the $50 was not in fact paid, but that a check for the amount drawn by J. E. B. Boone on appellant, or on a bank in Longview, was delivered by said J. E. B. Boone to Bassham, who, without presenting same to the drawee for payment, returned it to appellant. There was testimony that appellant had the title examined and approved same, and there was testimony which, as we construe it, warranted a finding that appellant never, on approving the title or at any other time prior to the trial, made a lawful tender of payment of the $950 he had agreed to pay Bassham. It seems, therefore, that the finding of the jury attacked was not without evidence to support it.

Other contentions than those specified are set forth in said brief, but we think none of them presents a sufficient reason for disturbing the judgment. Therefore it is affirmed.