### EVANS et al. v. MILLS et ux.
### No. 7075.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1933.

Rehearing Denied Jan. 13, 1934.

Cary McClure Abney, of Marshall, Tex., and T. A. Bath, of Henderson, Tex., for appellants.

J. W. McDavid and W. M. Futch, both of Henderson, Tex., and E. P. Price, of Tyler, Tex., for appellees.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Joe Mills and Mary Mills, his wife, own and occupy as their homestead forty-five acres of land in Rusk county, Tex., community property of their marriage. On July 28, 1930, they executed a standard oil and gas "unless" lease [Gulf Production Co. v. Continental Oil Co. (Tex. Civ. App.) 61 S.W. (2d) 185, 186] on the tract, for a primary term of ten years, and as long thereafter as oil or gas is produced by the lessee, providing for a money rental during the primary term of $47 annually in default of drilling and reserving a one-eighth royalty. Production having been established shortly after, no money rental was paid and none is due. On September 6, while the lease was in effect, and before drilling had begun, Mills alone executed a mineral lease which, naming J. W. Mills and Mary Mills as grantors, had evidently been drawn for their joint execution, purporting to convey, subject to the lease, a one-fourth interest in the oil, gas, and other minerals in and under the land, and that may be produced from it, with the right of ingress and egress at all times, to drill and explore the property, and also a one-fourth interest in the rentals now or hereafter reserved or obtained.

On December 16, Mills and his wife brought this suit to cancel the deed as an unauthorized conveyance of the homestead and to recover the property. Defendants, asserting that the conveyance was in all respects valid, resisted all the claims of the suit. They prayed also, however, in the alternative, that, if the deed be found ineffective as a conveyance of a one-fourth mineral interest, it be held valid as a conveyance of the rentals and royalties payable under the lease, and they offered to accept a decree of this kind.

The District Judge agreed with plaintiffs that the sale was of a part of the homestead, and the deed ineffectual. He gave plaintiffs the decree they asked. Appellants are here insisting that the decree was erroneous, because by the mineral lease they had executed, plaintiffs had effected a severance of the royalty interest from the land so as to convert it into personalty, and therefore deprive it of its homestead character, leaving in plaintiffs no title in the minerals, but only title to the possibility of a reverter, an interest remote and contingent, not capable of present possession and therefore insufficient to support a homestead claim.

■ We cannot agree with appellants. We think the District Judge was right. A homestead interest in Texas is not, as in some states, a mere exemption. It is a title in the land, of which, according to the settled public policy of the state, the owner may not be deprived except by abandonment or by his conveyance executed as required by statute. Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2; Woods v. Alvarado State Bank, 118 Tex. 586, 19 S.W.(2d) 35. Minerals in place in Texas are a part of the lands they underlie and permeate, and it is well settled that, as such, when part of the homestead tract, they cannot be conveyed away or leased by the husband's deed alone. A lease or conveyance of minerals, to be valid, comes within the statute, and must be executed by husband and wife.

Appellants concede this to be so, but they say that this was done when Mills and his wife signed the lease. They argue that the effect of this was to convey away entirely all their present estate in the minerals, upon consideration of the royalty to be paid as personalty for part of the oil the lessee severed and brought up, and by way of money for the gas, leaving in plaintiffs no right, title, or interest in the minerals in place except the possibility of a reverter, and working an abandonment of the homestead as to these contingent interests. Rettig v. Houston West End Realty Co. (Tex. Com. App.) 254 S. W. 765; Massillon Engine & Thresher Co. v. Barrow (Tex. Com. App.) 231 S. W. 368; Turner v. Miller (Tex. Civ. App.) 255 S. W. 237, 238; Gulf Production Co. v. Continental Oil Co. (Tex. Civ. App.) 61 S.W.(2d) 185. Let us examine these contentions.

■ We take up first and reject as mistaken the assumption the argument proceeds on, that the lease conveyed, not seven-eighths, but the whole of the minerals in place; that the one-eighth royalty interest was merely a personal right, and not a part of the realty reserved and excepted out of the conveyance. Notwithstanding expressions in Ehlinger v. Clark, 117 Tex. 547, 8 S.W.(2d) 666, apparently to the contrary, in Texas such an interest is excepted out of, it does not pass to the lessee, it remains owned as realty by the lessor. Waggoner Estate v. Wichita County, 273 U. S. 113, 47 S. Ct. 271, 71 L. Ed. 566; Hager v. Stakes, 116 Tex. 453, 294 S. W. 835; Boone v. Bassham (Tex. Civ. App.) 51 S.W.(2d) 1065; Jackson v. United Producers' Pipe Line Co. (Tex. Civ. App.) 33 S.W. (2d) 540; Reynolds v. McMan Oil & Gas Co. (Tex. Com. App.) 11 S.W.(2d) 778, 780, where it is said, "Waggoner v. Wichita County, 273 U. S. 113, 47 S. Ct. 271, 71 L. Ed. 566, and Hager v. Stakes, 116 Tex. 453, 294 S. W. 835, do affirmatively decide that the extent of the estate granted in such instruments is the oil and gas, less the exception contained in the royalty clause, which exception is real estate and remains the property of the lessor." As such it is an interest in the homestead, and the deed of the husband alone is ineffective to convey it. Boone v. Bassham, supra.

■ We next consider appellants' contention that the title to or interest in the minerals remaining in the lessors after they had signed the lease, at least as to the seven-eighths granted, being a mere possibility of reverter, and therefore not susceptible of possession, no homestead right could attach to it, and, being community property, the husband's deed conveyed it. A possibility of reverter of this kind is in Texas ownable and alienable [Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779, 780], and, though the right it gives to take the minerals is not a present right, but a deferred and contingent one, the interest itself is a present one. When, after the giving of a lease it remains joined with the title of those owning and using the land as their homestead, we think the homestead

842

use continues to extend to and protect, and the right of the homestead owner continues to include, this interest.

■ But appellants say, citing that line of cases of which Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110, is representative, the execution of the lease effected an abandonment of homestead rights in the minerals. Not so. The lease effected a utilization of them, entirely consistent with the homestead claim. The lessee was let into possession to work the minerals, upon the understanding that there should be the least possible interference with the homestead use, and that, in consideration of its being let in to take seven-eighths of the minerals for itself, it would deliver to them the one-eighth part of the minerals the lessors had reserved for themselves out of the conveyance.

■ Nor is the ground appellants put forward to sustain the deed, that what the husband has undertaken to do in selling the mineral interest is not inconsistent with, but·in subordination to, the homestead right, and therefore the wife's joinder was not required, stronger under their feet. This is not a case like those they cite, as analogous, of the grant of a mere right of way, or other easement of such character and so granted as not to substantially interfere with the homestead rights. Randall v. Railway Co., 63 Tex. 586; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 31 Am. St. Rep. 39; Gates v. Pitts (Tex. Civ. App.) 2 S.W. (2d) 307. But see Gulf, B. & G. N. R. Co. v. Lewis (Tex. Civ. App.) 85 S. W. 817; Denton County v. Sauls (Tex. Civ. App.) 265 S. W. 1091, 1093. This is a case of the conveyance of a title, absolute and perpetual. Neither is this a case involving the management of the community homestead by the husband, or his disposition of the avails from it, or the proceeds of its sale (Russell v. Hamilton [Tex. Civ. App.] 174 S. W. 705), as those cases are which hold a husband authorized to renew vendor's lien notes on the homestead without the wife's joinder, or to sever and sell emblements·and growing crops and timber (Downey v. Dowell [Tex. Civ. App.] 207 S. W. 585; Kreisle v. Wilson [Tex. Civ. App.] 148 S. W. 1132). Nor, finally, is this a case like those appellants cite and mainly rely on, of a homestead right asserted in property in which the interest of the claimant is only in reversion, as were the cases of Rettig v. Houston West End Realty Co., Massillon Engine & Thresher Co. v. Barrow, and Turner v. Miller, supra. All of these were cases in which, on land already occupied by others asserting and having an established homestead interest therein, it was attempted, as said in the Turner Case, quoting Loessin v. Washington, 23 Tex. Civ. App. 515, 57 S. W. 990, to pile a homestead "upon a homestead on the same land." Here the Mills are, and always have been, in complete and sole possession of their property as a homestead. Every use of it as such is still in them, except the use they have granted away, operative while the lease is, to permit the lessees to take the minerals out. In possession as they are under an unquestioned homestead right, we think that right extends to and operates to protect each homestead owner in the title to any real interest he owns in the property, whether in possession or in reversion, against the conveyance of it by the other. It would, we think, be an unreasonable departure from the settled public policy of the state, to give countenance to the proposition appellants put forward, that, unable to convey the wife's rights to minerals in place under the homestead without her joinder before the execution of a lease, the husband may enable himself to do so by inducing the making of such a lease. Upon this view he may thereafter convey all their mineral interests away, with the result that the wife finds herself presently deprived of her interest in the reserved royalty and the lease lapsing, finds persons holding under a title emanating from her husband alone, owning and in possession of her interest in the minerals, depleting and destroying it, though she has neither joined in nor consented to its conveyance.

We think such a result neither consonant with nor permitted by the spirit or letter of the Texas Constitution and statutes. The only case called to our attention as supporting this view is Gulf Production Co. v. Continental Oil Co., supra. In this case a Court of Civil Appeals did, citing Rettig v. Houston West End Realty Co., supra, give as a reason for holding that the husband could take stock in lieu of money payments reserved in a mineral lease on a homestead that the lease had conveyed away all present rights of the lessors in the minerals, and, their remaining interest in them being only a possibility of reverter, it had lost its homestead character.

We do not think this holding was necessary to the decision of that case, but, if it was, we are not prepared to follow it, as we think it plain that the Rettig Case it pur-

ports to rest on decided a very different thing.

We find no error in the judgment. It is affirmed.