### DAVIS v. ATLANTIC OIL PRODUCING CO. et al.

#### No. 8050.

Circuit Court of Appeals, Fifth Circuit.

Dec. 28, 1936.

Richard Wm. Stoutz, of Oklahoma City, Okl., M. M. Williams, of Houston, Tex., and Robt. B. Keenan, of Los Angeles, Cal., for appellant.

Snowden M. Leftwich and Thomas R. Freeman, both of Dallas, Tex., and Alton V. Grant, of Longview, Tex., for appellees.

Before HUTCHESON and HOLMES, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

Marilla Sheppard Davis died intestate about the year 1927, seised of a $\frac{1}{55}$ interest in a 100-acre tract of land in Gregg county, Tex., which interest she inherited through her deceased mother, Melissa Wilson Sheppard, a daughter of James and Ara Wilson, community owners of the whole tract until their death prior to 1906.

Marilla was survived by two sons, Cleo and Lucious Davis, and her husband Robert Davis, plaintiff-appellant in this action. Up to the time of Marilla's death the lands in question had been used only for agricultural purposes. They had not been used nor leased for oil or gas drilling. After Marilla's death, oil and gas leases covering said 100 acres, and reserving a royalty interest of $\frac{1}{8}$ to the lessors, were executed by Cleo and Lucious Davis, and all other surviving heirs of James and Ara Wilson, except Robert Davis. These leases are now held by appellee Atlantic Oil Producing Company.

Robert Davis has never executed a lease covering his interest, nor received any royalty or bonus in connection therewith. As surviving husband of Marilla Sheppard Davis, he instituted this action against appellees, claiming under the Texas statutes of descent and distribution a life estate in $\frac{1}{3}$ of the $\frac{1}{55}$ interest owned by Marilla at her death, and seeks an accounting and an injunction against further operations. Until this action was instituted, appellee Atlantic Oil Producing Company had no knowledge of Robert Davis' interest.

The District Court decreed that plaintiff is entitled, during his lifetime only, to the income realized from $\frac{1}{165}$ (i. e. $\frac{1}{3}$ of $\frac{1}{55}$) of the $\frac{1}{8}$ royalty interest, and to no part of the principal thereof, and that the principal of said $\frac{1}{165}$ of the royalty be deposited in trust in a designated bank and the interest therefrom paid to Robert Davis during his lifetime, the corpus of said $\frac{1}{165}$ to be paid over to the two sons, or their heirs, upon the death of Robert Davis.

On appeal, Davis asserts that since he has executed no lease he is entitled, as life tenant, not merely to a $\frac{1}{165}$ interest in the $\frac{1}{8}$ royalty as if he had made a lease, but to a $\frac{1}{165}$ interest in all the oil produced, less ratable cost of production; and that if he is entitled to a $\frac{1}{165}$ interest in the $\frac{1}{8}$ royalty only he is entitled to the corpus of that, and not merely to its yield as decreed below.

Plaintiff does not own an undivided interest in the fee, nor does he own a conventional or contract life estate. The fee-simple title is owned by the various heirs of James and Ara Wilson, including Cleo and Lucious Davis, sons of plaintiff and Marilla, who own in fee $\frac{2}{3}$ of Marilla's $\frac{1}{55}$ interest, and who are also remaindermen as to the remaining $\frac{1}{3}$ thereof upon termination of the statutory life estate therein of their father Robert Davis. We are therefore not concerned with the rights of ordinary joint tenants, nor co-owners of the fee, nor the holder of a contract or conventional life estate. As the surviving husband of the intestate Marilla, Robert Davis has only the interest cast upon him by article 2571, Texas Rev. Stat.1925, namely, a life estate in $\frac{1}{3}$ of the realty, with remainder over to the children.

The laws of Texas control the solution of the questions here presented. There, oil and gas in place is real property, and a part of the corpus of the property itself. Texas Co. v. Daugherty, 107 Tex. 226, 176 S.W. 717, L.R.A.1917F. 989; Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290, 29 A.L.R. 566; Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 19 S.W.(2d) 27; Evans v. Mills (C.C.A.) 67 F.(2d) 840. The royalty interest retained under an oil and gas lease is real property. Sheffield v. Hogg, 124 Tex. 290, 77 S.W.(2d) 1021, 80 S.W.(2d) 741; Evans v. Mills, supra.

The Texas courts hold that because a cotenant has the right to occupy the whole joint property, and because oil is a fugitive substance which must be promptly captured to avoid loss by drainage through adjoining property, a cotenant may himself, or by lease to another, utilize oil discovered upon land, without the consent or concurrence of other cotenants. If a lease be executed by a cotenant, the nonconsenting cotenants may recognize the lease and receive their fractional interest in the royalty, or they may reject the lease, and receive their fractional part of the oil produced, less their proportionate part of the cost of discovery and production. Burnham v. Hardy Oil Company (Tex.Civ.App.) 147 S.W. 330; Texas & P. Coal & Oil Co. v. Kirtley (Tex.Civ.App.) 288 S.W. 619; Durham v. Scrivener (Tex.Civ.App.) 259 S.W. 606; Stroud v. Guffey (Tex.Civ.App.) 3 S.W.(2d) 592. This being the law of Texas as to a cotenant, the same principles would necessarily extend to plaintiff who claims under a deceased cotenant, for plaintiff's title cannot rise above its source. So the lessee was entitled to operate the lease, notwithstanding plaintiff's nonjoinder. Whitaker v. Surtees (Tex.Civ.App.) 248 S.W. 432; Surtees v. Hobson (Tex. Com.App.) 13 S.W.(2d) 345. Indeed, one in plaintiff's status holding only a statutory life estate as a surviving spouse, as distinguished from a contract life estate, could not, without being guilty of waste, authorize the taking of minerals from the land where, as here, there had been no use or drilling for mining purposes before plaintiff's life estate cast. Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S.W. 740, 69 L.R.A. 986, 8 Ann.Cas. 1117; Higgins Oil & Fuel Co. v. Snow (C.C.A.) 113 F. 433.

In determining the share of the oil or its proceeds to which plaintiff is entitled, it is important that the character of his interest be borne in mind. He is not a joint tenant nor co-owner of any interest in the fee, nor the owner of a conventional or contract life estate, but holds only a statutory life estate of a surviving spouse. Such an estate carries no right to the corpus of the property, but only a right of user and enjoyment of the income therefrom for life. It must also be remembered that the oil wells were not opened up until after the death of his intestate, Marilla Sheppard Davis, and after the plaintiff's life estate was cast. We are not now concerned with the rights of a surviving spouse where the wells were opened up, or the lands leased for that purpose, during the life time of the deceased spouse. Where, as here, the wells were opened up after the death of the deceased spouse and after the statutory life estate was cast, the lands being theretofore used for agricultural purposes only, the Supreme Court of Texas has held that a statutory life tenant, such as plaintiff, is not entitled to absolute ownership of the fraction of the oil proportionate to his life estate, in this case $\frac{1}{165}$, because to so hold would allow him pro tanto to consume the corpus of the reversionary estate. Since the right to open up new wells is in the remaindermen, and not the statutory life tenant, and since the right of such life tenant is to the use, not the corpus, of the estate, his right in the oil extends only to the interest for life on $\frac{1}{3}$ of the proceeds of sale of the oil accruing to the remaindermen, the principal to go to the remaindermen upon the death of the life tenant. Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S.W. 740, 69 L.R.A. 986, 8 Ann.Cas. 1117, affirming (Tex.Civ.App.) 78 S.W. 380. This the District Court decreed to plaintiff.

Affirmed.