### CLINE v. HENRY et al.
#### No. 14263.

Court of Civil Appeals of Texas. Dallas.
Jan. 12, 1951.

Rehearing Denied April 13, 1951.

Alexander, George, Thuss, Johnson & Passman, Dallas, for appellant.

Bowyer, Gray, Thomas, Crozier & Jaffe, Dallas, for appellees.

YOUNG, Justice.

This suit was brought by the surviving brothers and sisters of Mrs. Anna Cline, deceased, E. V., A. J., and H. R. Henry, Mrs. N. Bowen and Lucy C. Whorton, both widows, against W. C. Cline, the surviving husband, for partition of a certain ten-acre tract of land, a part of the John C. Read Survey, Dallas County; also for an accounting as to one-half of the consideration received by defendant from sale of the sand and gravel on about 2½ acres of said land. Defendant Cline denied that plaintiffs had any interest in the land, claiming a homestead right in the whole thereof and hence not subject to partition. On trial to the court, judgment was rendered against defendant for an undivided one-half interest in said property; for $2,477.82 with interest thereon from April 28, 1948, fixing a lien and charge against defendant's undivided one-half interest including his homestead right in the ten-acre tract to secure plaintiffs in payment of said sum; and ordering a sale of defendant's one-half interest in satisfaction of lien and judgment if not paid by defendant within 60 days. Aforesaid judgment is properly before us for review.

The following facts appear without dispute: On July 26, 1915 W. C. Cline and wife, Anna Cline, purchased 66 acres

out of said John C. Read Survey, using and occupying the same as their homestead until her death in 1943; and he, as survivor, has since continued to so use and occupy it. In December 1938, Cline conveyed to his wife Anna as her separate property the ten acres in suit, a part of the aforesaid 66 acres; the couple shortly thereafter building a house on the smaller tract, using and occupying it as their homestead until her death; appellant as survivor likewise continuing such use and occupancy. Anna Cline died in October 1943, intestate and without issue, leaving as her only heirs at law the five brothers and sisters above named and appellant husband; the latter inheriting an undivided one-half interest in said ten-acre tract and appellees the other half interest, subject to the homestead rights of Cline.

On April 28, 1948 W. C. Cline in consideration of $6,250 cash in hand paid, executed a deed conveying to Gifford-Hill Company, Inc., all sand, gravel, stone and kindred material on and under a certain 3¼₀-acre tract of land, same being located to the extent of 2.458 acres on the ten-acre plot; with right on part of grantee to remove the gravel, etc., within 15 years; the deed further providing: "And for the same consideration Grantor, for himself, his representatives and assigns, covenants to and with Grantee, its successors and assigns, that he is the lawful owner of the rights and property hereby conveyed and has good right to sell and convey the same; that the same are free from encumbrances and are no part of Grantor's homestead, and that he will warrant and defend the title thereto against all persons whomsoever lawfully claiming or to claim the same or any part thereof."

The total amount received by Cline for sand and gravel from the ten acres in question (2.458 strip), was $4,955.64, one-half of which ($2,477.82) is claimed by plaintiffs to whom Cline has not accounted for any part thereof. Appellant testified that at time of signing deed to the sand and gravel he did not know the instrument recited that the property described was no part of his homestead; that since death of his wife he has made valuable and permanent improvements on the ten acres to extent of $5,500, said property with improvements thereon being of the reasonable value of $6,500; and that in making such improvements and executing the sand and gravel deed, he believed himself the sole owner and did not know that plaintiffs owned or claimed any interest in the property. No sand or gravel has been removed under the deed to Gifford-Hill up to the present time.

The trial court made findings of fact and conclusions of law; among other things, finding "That W. C. Cline has not abandoned his homestead right in said ten acres, except as to plaintiffs' claim for the proceeds of the sale of plaintiffs' proportionate part of the gravel and it is not now subject to partition, and that the matter of the value of the use of said property, the question of improvements and the division of the property should otherwise be postponed until the homestead right of W. C. Cline is terminated by death or abandonment." Conclusions of law in part recited: "(1) * * * that the plaintiffs, E. V. Henry, et al, and the defendant, W. C. Cline, are the joint owners as tenants in common of the ten acres above described, the plaintiffs jointly and equally owning an undivided one-half and the defendant W. C. Cline owning an undivided one-half. (2) * * * that the plaintiffs should have judgment against the defendant for $2,477.82, with interest at the rate of six per cent per annum from April 28, 1948, and that the homestead right of W. C. Cline is subordinate to the right of the plaintiffs in the proceeds of the sale of the gravel, and that he has waived and abandoned his homestead right with reference thereto, and that a lien or charge should be fixed against his undivided one-half interest to secure the payment of said judgment, and that unless the amount of said judgment is paid into the Registry of this Court within ninety days from the date of the judgment, an order of sale should be issued to satisfy the judgment. (3) * * * that a partition and adjustment of other equities between the plaintiffs and the defendant should be

otherwise postponed until the homestead interest of W. C. Cline is terminated by death or abandonment."

The complaints on appeal are based on above findings and conclusions; or specifically stated, that the trial court has erred (1) in holding· that defendant Cline by recitals in the deed to sand and gravel on the 2½-acre strip had waived and abandoned his homestead right in the whole of said ten-acre tract; and that same was thereby subordinated to the claims of plaintiffs, entitling them to an immediate accounting for one-half of the proceeds derived from such sale; (2) in rendering judgment fixing a lien and charge against defendant's one-half interest and his homestead right in and to said property to secure plaintiffs in payment of their judgment; and in ordering his one-half interest and homestead right sold in satisfaction of such lien and judgment; (3) in rendering judgment against defendant for interest on the sum of $2,477.82 from April 28, 1948.

Under the foregoing points and argument in support, appellant tacitly admits that, subject to his homestead right, appellees as co-owners of· the land in controversy, are entitled to judgment establishing their right to a one-half interest in the proceeds of the 1948 gravel deed; same involving the corpus of jointly owned property to extent of the 2½ acres; the issues thus narrowing to the primary question of (1) whether appellant should be presently required to account for such proceeds, and, in consequence, to a judgment for one-half thereof ($2,477.82) secured by lien and right of foreclosure against his undivided interest in the ten-acre tract (notwithstanding the homestead claim); (2) to interest on such recovery from date of the 1948 gravel deed.

█ As already seen, the facts material to this controversy are not disputed; the law applicable to contention of all parties appearing equally well settled. (1) "In this State, homestead interest of each spouse or the surviving spouse in the homestead property constitutes an estate therein, *and is treated as a life estate, so long*

*as the property retains its homestead character.* This is true, whether the fee title to the homestead property belongs to the separate estate of either or both spouses, or to their community estate.

*"An essential element of cotenancy is the present right of possession. Consequently the relationship of cotenancy does not exist among remaindermen, nor between them and the life tenant.* And this is true where the life tenant owns additionally an undivided interest in the fee." Sparks v. Robertson, Tex.Civ.App., 203 S.W.2d 622, 623 (writ ref.). (Emphasis ours.)

█ (2) Art. 16, sec. 50 of our State Constitution, Vernon's Ann.St., provides: "The homestead of a family shall be, and is hereby protected from forced sale, for the payment of all debts except for the purchase money thereof, * * * the taxes due thereon, or for work and material used in constructing improvements thereon * * *." See also arts. 3501 and 3839, Vernon's Ann.Civ.St. art. 3832 declares: "The following property shall be reserved to every family, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided:

"1. The homestead of the family. * *" In construing these provisions of the Constitution and statutes, the courts have uniformly held that, inasmuch· as the homestead is expressly protected from forced sale, no lien leading to a sale is ever valid against the property whether existing by virtue of contract, statute, or *judicial decree*; and that a forced sale of ·the homestead in satisfaction of a debt of any character except as provided by the Constitution (purchase money, taxes due, or for work and material used in constructing improvements thereon) is void. 22 Tex. Jur., sec. 7, pp. 17, 18; sec. 197, pp. 282–3; Crowder v. Union National Bank, 114 Tex. 34, 261 S.W. 375; Tucker v. Dodson, Tex. Civ.App., 245 S.W. 728; Atkins v. Schmid, Tex.Civ.App., 129 S.W.2d 412.

(3) The Gifford-Hill instrument of April 28, 1948 containing the language "that the same are free from encumbrances and are no part of grantor's homestead" was a

conveyance of the subject matter therein described and in no sense constituting an encumbrance of property. But even if the proviso be treated as an encumbrance, "By reason of his disclaimer, the occupant of the premises is not precluded from asserting the claim of homestead, although thereby he may have induced his opponent to deal with the property. 'Estoppel cannot alone be based upon the representations and statements that the property is not the homestead.' If the encumbrancer knew, notwithstanding the disclaimer, that the homestead right existed, he is not entitled to prevail; he could not have relied on the homestead claimant's statement. Furthermore, he is not entitled to subject the property to satisfaction of his obligation where it appears that inquiry on his part would have shown that the property was occupied in circumstances giving rise to the right of homestead." 22 Tex.Jur., sec. 124, p. 179.

(4) By execution of deed to the sand and gravel on the 2½-acre tract, appellant did not waive or abandon his homestead right in the whole of said property. Sand and gravel in place are in the nature of a mineral substance such as coal, iron, gas and oil and should receive a like classification. It has been repeatedly held in this State that the execution of an oil and gas lease does not operate as an abandonment of the homestead right of the lessor, since the transaction is entirely consistent with the homestead use. 31A Tex.Jur., sec. 116, p. 188; Bradley v. Howell, Tex. Civ.App., 126 S.W.2d 547; Boone v. Bassham, Tex.Civ.App., 51 S.W.2d 1065 (writ ref.); Evans v. Mills, 5 Cir., 67 F.2d 840.

(5) Appellant has a fee simple title to an undivided one-half interest in said ten acres and a homestead right in the whole (use and occupancy). As such homesteader (life tenant, Sparks v. Robertson, supra) he would likewise be entitled to use of the proceeds derived from sale of gravel on this land (the one-half interest of appellees) so long as the life tenancy continues to exist; the remaindermen's interest in the corpus of estate reverting to them on its termination. 31A Tex.Jur., sec. 14, p. 41; Swayne v. Lone Acre Oil Co., 98 Tex. 597, 86 S.W. 740, 69 L.R.A. 986; Breckenridge v. Coffield, Tex.Civ.App., 283 S.W. 310.

Appellees in counterpoints urge that in this, a suit for waste, accounting, and conversion, the homestead right of appellant is subordinated to the claims of co-owners for their portions of the converted property; and by recitals in the deed and acts in pais, Cline has waived his homestead right in and to the sand and gravel. These conclusions do not follow from the undisputed facts. Upon sale by Cline of their undivided interest, appellees could have (1) disaffirmed same by treating the transaction as merely a conveyance of Cline's one-half interest, art. 1290, Vernon's Ann.St., with appropriate remedies against both vendor and vendee, or (2) affirmed the sale by ratification and acquiescence, charging appellant vendor with the proceeds thereof and suing for an accounting in partition proceedings, as is the nature of their present suit. New York & Texas Land Co. v. Hyland, 8 Tex.Civ. App. 601, 28 S.W. 206; Findlay v. State, 113 Tex. 30, 250 S.W. 651. However any adjudication of interest in the proceeds of sale (their one-half part) must be with due respect to appellant's homestead right; in effect postponing the adjustment of these equities along with right of partition until termination of aforesaid homestead exemption by death or abandonment.

It will be observed that in the court's judgment, plaintiffs' suit for partition was thus postponed; further holding, erroneously we think, that Cline by his transaction of conveyance and recitals of deed has in some way subordinated his homestead right to that of plaintiffs in these proceeds, "and that a lien or charge should be fixed against his undivided one-half interest to secure the payment of said judgment, * * *." In the first place, as we have already seen, the execution of such deed was entirely consistent with the homestead rights, claims and users; and secondly, the recitals of this gravel deed, if at all operative of an abandonment or relinquishment of defendant's homestead, would be confined to the acreage described therein and obviously would not extend to

the remainder of said ten-acre tract. Appellees rely largely upon the Supreme Court case of Sayers v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 773, 140 A.L.R. 1164, for their right to the lien in question; but the fact situations are readily distinguishable. There, "Pyland and wife, in the manner provided by law for the sale of a homestead, conveyed to Williams an undivided one-half interest in the property, and thereby *voluntarily subordinated* their homestead right to all the rights and obligations appertaining to the relation of tenants in common. Consequently they thereafter stood in the same position as if their homestead right in the property had been acquired *after* the parties had become tenants in common in the property." (Emphasis ours.)

Finally, as W. C. Cline had the right to use of the land covered by gravel deed as long as it constituted a part of his homestead, he would have a similar right to use of the proceeds derived from a development of sand and gravel therefrom (sale of corpus); the rights of plaintiffs to their undivided one-half interest in the transaction accruing to them on termination of the homestead exemption. Manifestly the proceeds of sale to which appellees are entitled would bear no interest until accrual of their right thereto.

Appellees' judgment fixing lien and foreclosure is therefore set aside, and same is hereby reformed and limited to an establishment of debt against appellant Cline for $2,477.82; without prejudice to their further right to an accounting and adjustment of equities when, as said judgment recites, "defendant's homestead interest in said property is terminated by death or abandonment." As modified and reformed, the judgment under review is affirmed.

## On Rehearing.

Appellees forcibly argue that above conclusion permits defendant to convert to his own use the involved corpus of estate without any provision whatever for safe delivery to them of their one-half interest in the proceeds of sale on termination of the homestead right. It is their position that our opinion and judgment should at least be modified to give appellees a charge or lien against appellant's interest in the ten acres "subject to the homestead exemption."

This sale of gravel, ratified and acquiesced in by appellees, includes of course the reversionary interest and we agree that their part of the proceeds should be made as secure, if possible, as though the gravel had remained in place. However we are not convinced of the feasibility concerning above suggestion of security. These proceeds are not under control of the Court whereby an investment of appellees' one-half part could be required, with interest only payable to the life tenant as was the case in Davis v. Bond, 138 Tex. 206, 158 S.W.2d 297. Nor are we authorized to demand of appellant the execution of a properly secured note as in McCanless v. Devenport, Tex.Civ.App., 40 S.W.2d 903.

No forced lien of any character can be imposed upon homestead property by judicial decree; and the exemption, having once attached, would continue until terminated by death, abandonment, or alienation. Posey v. Commercial Nat. Bank, Tex.Com.App., 55 S.W.2d 515. We submit that a lien on appellant's one-half interest in the ten-acre tract, even of the form suggested, would undoubtedly restrict his right of alienation.

The motion for rehearing must be overruled.