H.D. SCHWARZ, Jr., et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 13820.

Court of Appeals of Texas,
Austin.

Sept. 21, 1983.

Rehearing Denied Oct. 19, 1983.

Fitzhugh H. Pannill, Jr., Pannill & Morgan, Houston, for appellants.

Mark White, Atty. Gen., J. Milton Richardson, Asst. Atty. Gen., Austin, for appellee.

Before PHILLIPS, C.J., and POWERS and GAMMAGE, JJ.

GAMMAGE, Justice.

This is an appeal from an order denying appellants' motion for summary judgment and granting appellee's motion for summary judgment. We will affirm the order of the trial court.

This case involves title to coal and lignite on two tracts of land in Webb County, Texas. The parties are in agreement as to the background facts. In 1907 the two tracts were the subject of an application for patent made by Andrea J. de Alexander and George R. Alexander. Both the applications for patents and the subsequently issued patents recited that "all the minerals" were reserved to the State. Appellants are the successors in interest to the Alexanders. Thus, the appellants are the surface estate owners and the State is the mineral estate owner.

In 1978 appellants sought to enter into a lease with a construction company to strip-mine coal and lignite. They were advised by the State that it claimed ownership of all the coal and lignite in the tracts. This lawsuit resulted. Pending resolution of this dispute, the property has been strip-mined by the construction company and sixty percent of the royalties have been paid to the State. All of the coal on the property is within 200 feet of the surface. Having obtained permission to sue the State, appellants filed suit in the district court of Travis County. Agreeing that there were no material issues of fact, both parties moved for summary judgment. The trial court ruled in the State's favor and the appellants appealed.

The question before this Court is whether this coal and lignite, removed from the earth by strip-mining and located at least in part within 200 feet of the surface, is part of the surface estate or part of the mineral estate. Appellants argue that the coal and lignite are part of the surface estate under the doctrine developed in *Reed v. Wylie,* 554 S.W.2d 169 (Tex.1977), 597 S.W.2d 743 (Tex. 1980) and *Acker v. Guinn,* 464 S.W.2d 348 (Tex.1971), and that this doctrine applies to conveyances made by the State as well as to those made by private parties. Appellant characterizes the applicability of the doctrine to State conveyances as the "real issue" in this appeal.

We need not reach that question, however, because the Supreme Court of Texas in *Moser v. U.S. Steel,* 26 Tx. S.Ct. J. 427 (Tex.1983) declared:

> We now abandon the Acker and Reed approach to determining ownership of minerals and hold that title to a substance which we have determined to be a mineral is held by the owner of the mineral estate as a matter of law.
>
> \*   \*   \*   \*   \*   \*
>
> We have ... approved of considering whether the substance is thought to be a mineral within the ordinary and natural meaning of the term.

We find that coal and lignite are minerals within the ordinary meaning of the term, Webster's Third New International Dictionary (G. & C. Merriam, 1961), and coal has been defined as a mineral by both statute, in the Mining Act of 1895, Tex.Rev.Civ. Stat. art. 3481 *et seq.* (1895), and judicial decision, *Cline v. Henry,* 239 S.W.2d 205 (Tex.Civ.App.1951, writ ref'd n.r.e.). We affirm the order of the trial court.