**In re Robert ROBINSON, M.D., Debtor.**

**Bankruptcy No. 94–10492.**

United States Bankruptcy Court,
E.D. Texas,
Beaumont Division.

April 6, 1995.

Michael Farquhar, Winstead, Sechrest & Minick, P.C., Dallas, TX, for applicant.

Mark Andrews, Jones, Allen & Fuquay, Dallas, TX, for Comerica.

Christopher Moser, Quilling, Selander, Cummiskey, Clutts & Lownds, P.C., Dallas, TX, for Bank One.

## OPINION

DONALD R. SHARP, Bankruptcy Judge.

NOW before the Court for consideration is the Objection of Texas Commerce Bank, N.A., ("Movant") to Schedules and Claim of Exemption ("Objection"). This opinion constitutes findings of fact and conclusions of law to the extent required by Fed.R.Bankr. Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

Movant obtained a judgment against Debtor for a sum in excess of $200,000.00. An Abstract of Judgment was filed in the County Clerk's Records of Jefferson County, Texas on or about April 30, 1993.

On or about October 29, 1993, Debtor conveyed real property described as Lot 1, Block 25, Tangledahl Addition, Beaumont, Jefferson County, Texas, ("Tangledahl Property"), to John Creighton III. On that same date, Debtor created a trust for the benefit of Craig Welch Robinson ("Beneficiary"), John Creighton III as trustee ("Trustee"), and funded same with the Tangledahl Property. On or about January 19, 1994 a correction deed was filed of record reflecting that John Creighton III held title as Trustee for Craig Welch Robinson. In the deeds conveying said property to the trust, Debtor has retained no ownership interest of any kind.

On or about June 8, 1994, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and listed the Tangledahl Property as exempt property under Texas Prop.Code Ann. § 41.001.

It is clear that Debtor has, at all relevant times, maintained the Tangledahl Property as his principal residence. Further, Debtor has continued to pay all taxes, insurance, maintenance and note payments, thereon.

Movant objected to Debtor's claimed exemption.

### DISCUSSION

Texas law provides that a Debtor's homestead is exempt from seizure and forced sale for the payment of debts other than a purchase money mortgage, property taxes, and materialman's lien. Texas Prop.Code § 41.001 (Vernon's Supp.1994). Each individual family or single adult is entitled to a homestead exemption for an urban home of not more than one acre of land together with any improvements. Texas Prop.Code § 41.002 (Vernon's Supp.1994).

■ The only way, after a property has been designated as a homestead, for it to lose its homestead character, is by death, abandonment, or alienation. *Long Bell Lumber Co. v. Miller*, 240 S.W.2d 405, 406 (Tex.Civ. App.—Amarillo 1951, no writ).

It is undisputed that the Tangledahl Property qualified as Debtor's homestead prior to October 29, 1993. The question to be resolved by this Court is whether the October 29, 1993, conveyance to the Trustee constituted abandonment or alienation causing said property to lose its homestead character.

■ Debtor argues that the Tangledahl Property did not lose its homestead character by the transfer of title to the Trustee because Debtor continued to reside on the property and maintain it as his principal residence.

However, there can be no more convincing proof of intent to abandon than the sale of a homestead. *In re Evans*, 135 B.R. 261, 264 (Bkrtcy.S.D.Tex.1991). Furthermore, when a party transfers title to his property to a third party, he abandons such homestead interest, even if he continues to occupy that property. *In re Yamin*, 65 B.R. 938, 942 (Bkrtcy.S.D.Tex.1986); *Williams v. Corpus Christi Bank and Trust Company*, 104 S.W.2d 56, 57 (Tex.Civ.App.—San Antonio 1937, writ ref'd).

It is clear that the Debtor can only claim a homestead exemption to the extent of the title or interest that he owns in the land. *Villarreal v. Laredo National Bank*, 677 S.W.2d 600, 606 n. 3 (Tex.App.—San Antonio

1984, writ ref'd, n.r.e.); *Laster v. First Huntsville Properties*, 826 S.W.2d 125, 131–32 (Tex.1991). Debtor no longer holds title to the Tangledahl Property, nor has he retained any ownership interest in said property. Consequently, the Court believes that the October 29, 1993, conveyance to the Trustee caused the Tangledahl Property to lose its homestead character.

Debtor relies on several cases where an individual transferred title to the property, yet the court held that the property maintained its homestead character. However, in each of these cases, the individual retained some ownership interest.

In *Moorhouse v. Crew*, the grantor retained a life estate and conditioned the transfer on his daughter, grantee, caring for him in his old age. *Moorhouse v. Crew*, 273 S.W.2d 654 (Tex.Civ.App.—San Antonio 1954, writ ref'd).

In *Sullivan v. Barnett*, the grantor conditioned the sale on the grantee making the first note payment. The grantee was unable to make the payment and transferred the property back to the grantor. The court held that an intention or attempt to sell a homestead does not amount to an abandonment as long as the homestead claimants retain possession and have no intent to abandon unless the sale materializes. *Sullivan v. Barnett*, 471 S.W.2d 39, 43 (Tex.1971).

In the present case, Debtor retained no ownership interest and placed no conditions upon the transfer. Apparently, the transfer was a part of Debtor's estate planning. In that event, it is, perhaps, unfortunate that Debtor did not have the foresight to retain a life estate in the property.

Debtor also relies on some cases that found the transfers were sham transactions and, thus, there was no intent to abandon the homestead. In *Brown v. Shamburger*, the court held that the transfer was a simulated sale for the purpose of allowing the grantor to obtain a loan on the exempt property. *Brown v. Shamburger*, 104 S.W.2d 112, 113 (Tex.Civ.App.—Amarillo 1937, no writ).

In *Matter of Moody*, the court found that the transfer was a sham to protect the prop-

erty from creditors. *Matter of Moody,* 862 F.2d 1194, 1199 (5th Cir.1989).

In the present case, there has been no indication that the transfer was part of a sham transaction to avoid creditors. The transfer was apparently made as part of estate planning, a perfectly legitimate purpose.

Consequently, the Court believes the present case is distinguished from cases Debtor asserts. The Court holds that the Tangledahl property cannot qualify for a homestead exemption and Debtor shall amend his schedules accordingly.