**In re David Dean ESKEW and Patricia Ann Eskew, Debtors.**

**Bankruptcy No. 98–60978–LEK.**

United States Bankruptcy Court, W.D. Texas, Waco Division.

Sept. 1, 1998.

David C. Alford, Waco, Texas, for debtors.

Karen C. Matkin, Waco, Texas, for trustee, Henry C. Seals.

John A. Montez, Waco, Texas, for objecting Creditor, First National Bank of Central Texas.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER OVERRULING OBJECTIONS TO EXEMPTIONS

LARRY E. KELLY, Chief Judge.

On August 19, 1998, came on to be heard the Objection to Claim of Exemption filed by Henry C. Seals (the "Trustee's Objection") and the Objection to Debtors' Claim of Exemption filed by First National Bank of Central Texas (the "Bank's Objection"). The Court took the matter under advisement after the hearing.

This matter is a core proceeding under 28 U.S.C § 157(b)(2)(B). Having reviewed Objections, the Debtors' Responses to the Objections, and the parties' briefs, and having considered the evidence and the arguments of counsel presented at the hearing, the Court now finds that the Objections should be overruled. This comprises the Court's findings of fact and conclusions of law under Rule 7052.

### BACKGROUND

The Debtors have claimed as their exempt homestead under § 41.001 of the Texas Property Code "89.96 acres of land (after mother's life estate) located at Route 1, Box 14, Mart, Texas." Henry C. Seals, the Chapter 7 trustee in this case, (the "Trustee") and the First National Bank of Central Texas (the "Bank") both objected to this claim of exemption. The Trustee's and the Bank's contentions are that, possession being a necessary requirement for a homestead exemption, the Debtors' interest as a reversionary interest subject to the Debtor's mother's life estate is not exempt because it is not a possessory interest. The Debtors respond, contending they are and have been in possession of the property and that therefore their claim of exemption is proper.

### FACTS

The undisputed facts according to Dean Eskew's testimony at the hearing was that he was given the property at issue (the "Property") in 1972 by his parents, just before he married Patricia Eskew. He has farmed it continuously since then until today, and lived on it from 1972 until 1984. His testimony was that he alone has farmed the Property, paid the ad valorem taxes on it, made improvements on it, and generally cared for it, since he acquired it. He and his family resided on the Property from 1972 until 1984, when they moved

across the road. His parents (or, since his father died in 1989, his mother alone) have always lived on a separate tract of real estate which they own, and they have never occupied the Property.

The evidence at the hearing was also undisputed that in 1984 the Debtors executed a deed by which they granted a life estate in the Property to Mr. Eskew's parents, retaining the reversionary interest and leasing the Property from Dean Eskew's parents under an unwritten lease. The life estate deed was delivered and recorded. Mr. Eskew's testimony was that the purpose of this conveyance was to give his parents "some security that they would always have a say in the Property." Notwithstanding that alleged purpose, Mr. Eskew testified that he never intended to relinquish any control over the Property and the Debtors' use of the Property and control over it never changed after the conveyance of the life estate. He testified that he had not paid rent under the oral lease since 1989, because of the unprofitability or his farming business.

The Debtor's mother testified that she has never claimed, and does not claim, the Property as her homestead, and that she agreed with her son's testimony as to his use and possession of the Property and payment of the taxes thereon.

## DISCUSSION

■ A claim of homestead requires, among other things, occupancy or possession by the claimant. *Laster v. First Huntsville Properties Company*, 826 S.W.2d 125, 130 (Tex.1991) ("homestead protection, however, can arise only in the person or family who has a present possessory interest in the subject property"). Thus, in general, one cannot have a homestead interest in a reversionary interest because it is not a possessory interest. *Id.* ("one who holds *only* a future interest in property with no present right to possession is not entitled to homestead protection in that property") (emphasis added), *accord, Massillon Engine & Thresher Co. v.*

*Barrow*, 231 S.W. 368, 369 (Tex. Comm'n App.1921, judgm't adopted) (a party having *merely* an interest remainder is without any right to possession and therefore not entitled to claim the interest as homestead) (emphasis added).

The Trustee and the Bank rely on these general propositions and the cases that support them, such as *Laster, supra, Rettig v. Houston West End Realty Co.*, 254 S.W. 765, 767 (Tex. Comm'n App.1923, judgm't adopted), and *Massillon Engine, supra.*

■ However, the courts appear to have recognized an exception to the general rule propounded in the cases relied on by the Trustee. The Court in *Laster*, in *dicta*, stated this exception as: "if a remainderman has a present right to possession in property sufficient to impress it with his homestead interest, and the property is not subject to the preexisting homestead interest of another, the property will be impressed with the homestead character when he receives it in fee simple, and its protection will date back to the time he began occupying it as his homestead." *Laster v. First Huntsville Properties Company*, 826 S.W.2d 125, 130 n. 8 (Tex.1991).

In *Evans v. Mills*, 67 F.2d 840 (5th Cir.1933), the Fifth Circuit Court of Appeals, applying Texas law, held that the lessors' mineral estate was protected by a homestead exemption where, although they held only a reversionary interest in the mineral estate as a result of having executed the lease, the lessors were and always had been in complete and sole possession of the property as their homestead. *See also Smith v. Moody (In re Moody)*, 862 F.2d 1194 (5th Cir.1989), *cert. denied*, 503 U.S. 960, 112 S.Ct. 1562, 118 L.Ed.2d 209 (1992) (*dicta* that the debtor would not have abandoned his homestead rights even if he had granted to another a life estate in the property, where he remained in possession of the property at all times).

Most of the cases that appear to support the Trustee's and the Bank's position can

be reconciled because the facts of those cases fail to come within this exception. In each of *Rettig, supra,* and *Massillon Engine, supra,* the Texas Commission of Appeals denied a son's claim of homestead where his one surviving parent never gave up his or her exclusive right to possession under a life estate, and so the son, although living on the property with the parent, had no right to possession sufficient to allow him to claim any of the property as his homestead. *Turner v. Miller,* 255 S.W. 237, 238 (Tex.Civ.App.—Amarillo 1923, no writ), is also a case where the court found that the party with the remainder interest had no present possessory right because of another's homestead rights in the property. The Court of Appeals does express its holding broadly, stating that "a remainder interest, since it gives the owner no right of possession, is not subject to a homestead claim and the fact that the remainderman may be in possession, by virtue of some other right, with the owner of the life estate, does not strengthen his right to claim the remainder interest as exempt." However, as the Court in *Evans v. Mills* noted, *Turner* along with *Rettig* and *Massillon Engine* "were cases in which, on land already occupied by others asserting and having an established homestead interest therein, it was attempted, as said in the Turner Case, . . . to pile a homestead 'upon a homestead on the same land.'" *Evans v. Mills,* 67 F.2d at 842. In other words, in each of these cases, the party claiming a homestead in a remainder or reversionary interest did not have also have a current, possessory interest in the property that would support a homestead claim.

Another case that appears to be contrary is *Gulf Production Co. v. Continental Oil Co.,* 61 S.W.2d 185 (Tex.Civ.App.—Texarkana 1933), cited and disapproved by the Court in *Evans v. Mills.* The Court of Appeals in *Gulf Production* appears to have held the opposite of *Evans v. Mills* under very similar facts, holding that the execution of an oil and gas lease divestee the lessors of their possessory interest in the minerals, so that whatever interest they retained "relating to the leasehold interest conveyed" was not protected by the wife's homestead interest. The Texas Supreme Court, however, specifically disapproved this part of the Court of Appeals' decision, when it reversed in part and affirmed in other parts. *See Gulf Production Co. v. Continental Oil Co.,* 139 Tex. 183, 132 S.W.2d 553 (1939). The Supreme Court later vacated this opinion, however, and affirmed the Court of Appeals. *See Gulf Production Co. v. Continental Oil Co.,* 139 Tex. 183, 164 S.W.2d 488 (1942). In doing so, the Supreme Court did not employ or even comment on the Court of Appeals' reasoning on the homestead issue, finding instead that there was no homestead issue because the transaction involved personal and not real property. Because the Supreme Court did not consider in its second opinion whether the lessors' reversionary interest was subject to their homestead claim, and because in its superseded first opinion the Supreme Court indicated that the homestead claim was valid, this Court (like the Fifth Circuit Court of Appeals in *Evans v. Mills* ) finds the Court of Appeals' decision in *Gulf Production* unpersuasive.

■ In the instant case, the Debtors had a current possessory interest in their leasehold interest in the property. Under Texas law a homestead claimant need not hold the property in fee simple in order to invoke the exemption—any possessory interest coupled with the requisite occupancy by the husband and his family, is sufficient to support a homestead claim. *Resolution Trust Corporation v. Olivarez,* 29 F.3d 201, 205 (5th Cir.1994), citing *Capitol Aggregates, Inc. v. Walker,* 448 S.W.2d 830, 837 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.); *First Nat. Bank v. Dismukes,* 241 S.W. 199, 200 (Tex.Civ. App.—Texarkana 1922, no writ). In particular, one may have a homestead in land though he has only a leasehold interest therein. *Davis v. Lund,* 41 S.W.2d 57 (Tex.Comm'n App.1931, holding ap-

proved); *accord, Grimes v. McCrary,* 211 S.W.2d 1005 (Tex.Civ.App.—Texarkana 1948, no writ) (one may establish homestead rights in rented premises under certain circumstances).

While ordinarily the holder of the life estate would have exclusive possessory rights, Mr. Eskew's parents relinquished their possessory rights to the Debtors and retained only a non-possessory lessor's interest in the life estate when the Property was leased to the Debtors. The Debtors' present possessory interest in the leasehold is thus exclusive, and sufficient to support their homestead claim. Under *Evans v. Mills,* that homestead claim covers their reversionary interest in the Property as well.

 The Trustee and the Bank also argue that the conveyance of the life estate to Mr. Eskew's mother had the effect of an abandonment of the Debtors' homestead interest, citing *In re Robinson,* 180 B.R. 174 (Bankr.E.D.Tex.1995) (holding that "there is no greater evidence of an intent to abandon property than its transfer to a third party"). In *Robinson,* unlike in this case, however, the debtor had conveyed *all* of his interest in the property; there was no claim that he retained any reversionary interest and no claim that he stayed in possession under a legitimate current possessory interest such as a leasehold interest. *Robinson* is distinguishable from this case in which the Court finds no abandonment of the Debtors' homestead rights on account of the conveyance of the life estate, or otherwise. The evidence was clear and credible that at all times prior to and after the conveyance of the life estate interest to his parents, the Debtors' continued to possess, use and claim the subject Property as their homestead.

## CONCLUSION

The Debtors at all times relevant to this case had the intent to claim the Property as their homestead and did in fact use it for homestead purposes. The Bank's and the Trustee's Objections should be overruled. A separate order of even date herewith shall be entered to effectuate this conclusion.