### H. B. CROWDER SR. v. UNION NATIONAL BANK OF HOUSTON.

No. 4008.  Decided May 14, 1924.

(261 S. W., 375).

1.—Homestead—Separation—Abandonment—Case Stated.

A husband and wife, owning 160 acres of land constituting their homestead, separated, and in contemplation of divorce conveyed 80 acres, including the improvements, to a trustee for the wife and the remaining 80 acres, pasture land, to such trustee for the husband. The trustee conveyed these tracts to the wife and husband respectively, and the wife brought suit for divorce. While this suit was pending the husband conveyed the 80 acres of pasture land to his son by a former marriage, without valuable consideration and without knowledge of the wife. The Union Natl. Bank thereafter brought suit against the husband, attached this 80 acres for the debt, had judgment with foreclosure of the lien, and bought in the property at the sale. Before the sale or recovery of the judgment of foreclosure the husband and wife became reconciled, and after such sale, the divorce suit abandoned, moved

onto the premises and, as against the suit of the bank to recover the 80 acres of pasture land, asserted their homestead rights therein. Held:

(1). That the land in question was not, by virtue of the foregoing transactions, abandoned as homestead as matter of law. (Pp. 36-40).

(2). That these facts in connection with the conduct of the parties here considered were sufficient to present an issue as to their abandonment of homestead rights therein as a question of fact. (Pp. 36-40).

2.—Homestead.

The homestead right is given by the Constitution to the family, not to the husband or to the wife alone. The family can have but one rural homestead, not one for each; and as long as the relation of husband and wife continues the former could not acquire a homestead different from that of the wife; and it may be either community property or separate property of either. Placing the title of the land in either would not affect the homestead right unless done with an intention to abandon it; and if not so abandoned the conveyance by the husband to his son, without the wife's knowledge and consent would not constitute an abandonment. (P. 36).

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Harris County. The suit was by the bank against Crowder and wife. Plaintiff had judgment for recovery of the land and defendants appealed.

The Supreme Court having referred the case to the Commission of Appeals, Section A, for its opinion thereon, here adopts same as its answer to the questions certified.

*Presley K. Ewing* and *Ewing Werlein*, for appellants.

We submit that the homestead character of the property being established, the plaintiff has failed, with the burden on it, to prove abandonment by the clear, conclusive and undeniable testimony required by the decisions in such case. Archibald v. Jacobs, 69 Texas, 251; Campbell v. Elliot, 52 Texas, 151; Cooper v. Basham, 19 S. W., 704; Crockett v. Templeton, 65 Texas, 134; Drought & Co. v. Stallworth, 45 Texas Civ. App., 159; Edmonson v. Blessing, 42 Texas, 596, and 49 Texas, 333; Foreman v. Meroney, 62 Texas, 727; Gouhenant v. Cockrell, 20 Texas, 97; Graves v. Campbell, 74 Texas, 579; Hall v. Fields, 81 Texas, 553; Harper v. Stewart, 179 S. W., 277-8; Harle v. Richards, 78 Texas, 80; Henderson v. Texas Moline Plow Co., 211 S. W., 973; Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 3; Kempner & Blum v. Comer, Farris & Dial, 73 Texas 196; Lumpkin v. Nicholson, 10 Texas Civ. App., 108; Mexia v. Lewis, 3 Texas Civ. App., 113; Newton v. Calhoun, 68 Texas, 451; Roco v. Green, 50 Texas, 490; Rollins v. O'Farrel, 77 Texas, 90; Ritz v. First Nat. Bank; 234 S. W., 425; Speer & Goodnight v. Sykes, 102

Texas, 453, Thomas v. Williams, 50 Texas, 275; Welborne v. Downing, 73 Texas, 527; Zapp v. Strohmeyer, 75 Texas, 638.

We maintain, if the first proposition should be denied, that the case, at best for the plaintiffs, was for the jury (1) on the issue of fact as to whether the property became impressed with the homestead character, and (2) whether, if it did, the same had been abandoned as the home of the defendants. Armstrong v. Neville, 117 S. W., 1011; Choate v. Railway Co., 90 Texas, 85; Drought & Co. v. Stallworth, 45 Texas Civ. App., 159; Garcia v. Sanders, 90 Texas, 103; Hickman v. Jones, 9 Wall., 197; Lee v. Railway Co., 89 Texas, 583; Railway Co. v. Winter, 44 Texas, 611; Rollins v. O'Farrel, 77 Texas, 90.

*Andrews, Streetman, Logue & Mobley,* for appellee, cited: Baird v. Trice, 51 Texas, 558; Crockett v. Templeton, 65 Texas, 135; Crabtree v. Whiteselle, 65 Texas, 111; Edmonson v. Blessing, 42 Texas, 596, 49 Texas, 333; Parker v. Cook, 57 Texas Civ. App., 234; Garcia v. Uveda, 198 S. W., 167; Kempner v. Comer, 73 Texas, 196.

MR. JUDGE BISHOP delivered the opinion of the Commission of appeals, section A.

This case is presented upon certified questions from the Court of Civil Appeals of the First Supreme Judicial District under a statement, in part, as follows:

"This is a suit in trespass to try title to 80 acres of land situated in Harris County, Texas, brought by the Union National Bank of Houston, against H. B. Crowder and wife, Edna Crowder.

It is shown that H. B. Crowder, Sr., and wife owned as their community homestead a tract of land in Waller County, Texas; that on or about the 7th day of March, 1916, said Crowder and wife traded their home place in Waller County for 160 acres of land in Harris County, of which the 80 acres involved in this suit is a part, it being the east half thereof. At the time they traded for said 160 acres it was entirely enclosed with a fence, a part thereof for farming purposes and the remainder for pasture; there was a dwelling house and two out houses situated on the west half thereof at the time Crowder and wife became the owners of the same; the dwelling house was a two story house with two rooms on the upper floor and five below; the two outhouses were used for barns by the former owner. In moving from their former home, Crowder and wife passed by said 160 acres on their way to a 540 acre tract, about two and one-half miles from said 160 acres owned by C. R. Crowder, a brother of H. B. Crowder, and left in the pasture on said 160 acres, some cattle and horses; they also left at the house on said premises some ploughs, hoes

and rakes, a hay outfit and an incubator; they rented the premises to a tenant for the year 1916 but reserved one room in the dwelling for their own use on their visits to said premises; they furnished the tenant with some chickens and the incubator under an agreement that they and the tenant would share the chickens raised half and half; they painted the house and made some other small improvements or repairs at a cost to them of about $300.00 to $400.00; they moved upon the C. R. Crowder 540 acre tract when they left their former home in Waller County and continuously resided there with their family of several children until the 8th or 9th day of August, 1917, at which time the wife, Edna Crowder, separated from her husband, H. B. Crowder, Sr., with the intention of obtaining a divorce, and on the same day they conveyed the west half of said 160 acres, upon which they had never actually resided, to one O. L. Miller, trustee, for the use of the wife, Edna, and the east half thereof to said trustee, for the use of H. B. Crowder, Sr., the ultimate purpose being to make a partition and division of their community property; on the next day after the execution of said conveyances, O. L. Miller, as such trustee and for the purpose intended by his grantors, conveyed the west half of said 160 acres on which all the houses were situated to the wife, Edna, and the east half, pasture land, to H. B. Crowder, Sr.; on the same day Edna Crowder filed suit in the District Court of Harris County against her husband, H. B. Crowder, Sr., praying for a divorce.

At the time of such separation Crowder and wife were, as they had been since they left their former home in Waller County, living on the 540 acres of land belonging to C. R. Crowder, a brother of H. B. Crowder, situated about two and one-half miles from the 160 acres owned by them. After such separation, and the filing of the divorce suit by the wife, and after having made a division of all their personal property, consisting of horses, cattle, hogs, farming implements and household and kitchen furniture, Mrs. Edna Crowder, the wife, with some of their children, moved to the town of Katy, in Harris County, Texas, and there engaged in the restaurant business for about one year. H. B. Crowder went to live with J. S. Crowder, his son, by a former wife, who resided at or near Liberty, Texas. Shortly after such separation H. B. Crowder took one of their children, a boy who was to remain with him, to Oklahoma and placed him in school. On the 19th day of September, 1917, about six weeks after the Crowders had separated and made a division of their properties, H. B. Crowder, by his deed of that date, conveyed to J. S. Crowder, his son by a former wife, the 80 acres involved in this suit for a recited consideration of $5200.00. On the 31st day of July, 1918, and before H. B. Crowder Sr., and wife had actually

resided upon the 160 acres, a writ of attachment was sued out by the plaintiff bank, and the same was executed by levying on the 80 acres of land conveyed by Miller to H. B. Crowder, Sr., as the property of said Crowder, Sr., on the 17th day of September, 1918. Judgment was thereafter rendered in favor of the bank against H. B. Crowder, Sr., for a large sum and the attachment lien was foreclosed on the said 80 acres. Thereafter, said 80 acres was sold by the sheriff, under an order of sale, to the plaintiff bank. After the attachment had been levied on the east half of the 160 acres, which had been conveyed to the husband, H. B. Crowder, that is, after the 31st day of July, 1918, and after the Union National Bank had taken judgment against H. B. Crowder and foreclosed its attachment lien on said east half of said 190 acres of land, Crowder and wife, on or about the 28th day of November, 1918, moved into the dwelling house situated on the west half of said 160 acres theretofore conveyed to the wife by O. L. Miller, trustee, and occupied the same for some time as their home, and on the 26th day of December, 1918, Mrs. Crowder dismissed her divorce suit. Crowder and wife owned no lands except the 160 acres mentioned above.

As is apparent from what has been already said, the Union National Bank asserts title though its purchase under the execution sale above mentioned.

The defendant Crowder and wife are defending under their plea of homestead.

H. B. Crowder, Sr., testified in substance that at the time the deed was executed to Miller his wife was mad and threatening to secure a divorce; that he knew she would not prosecute her divorce suit and would soon get in a good humor; that having this opinion in regard to her threat to secure a divorce he executed the deed with the intention that the 160 acres would remain the homestead unless the divorce was granted; that if it was granted he intended that the 80 acres conveyed by Miller to him should be his homestead; that no citation was ever served on him in the divorce proceeding, and that within three or four weeks he and his wife became reconciled and thereafter lived together and continued to claim the 160 acres as their home; that there was no intention that the 80 acres conveyed to him by Miller should be segregated and the homestead rights to same relinquished by their conveyance to Miller; that long prior to the levy of attachment reconciliation had been effected and he and his wife were living together and claiming all of this land as their home; that his wife remained at Katy for some time in the restaurant business where their children were kept in school, and that they never abandonded their intention to make this land their permanent home and that the renting of same was only temporary; that he

executed the deed to his son without his wife's knowledge; that his son paid nothing and the deed was executed for the purpose of holding the land for a home in the event his wife should again leave him.

He and his wife testified that when the home in Waller county was traded for the 160 acres it was for the purpose of exchanging their established home for another; that the poultry, stock and other property were placed there for the purpose of making the 160 acres their permanent home; that all improvements were made for this purpose, and a room was reserved in the dwelling for their personal use which was at times occupied by them; that the land was only rented temporarily and the products therefrom put to home use; that their residence on his brother's place two and one-half miles from the 160 acres was only temporary.

There was evidence in conflict with this testimony both as to the intention in conveying the land to Miller and as to the purpose and consideration of the deed by Crowder to his son, but the recital of same is not deemed necessary here.

The questions certified are as follows:

"1. Conceding that the 160 acres for which Crowder and wife traded their former home was, by the acts of said parties, impressed with the homestead character and exempt from forced sale for the payment of the debts of the husband, was the 80 acres conveyed by O. L. Miller, Trustee, abandoned as a matter of law by Crowder and wife as a part of their joint homestead?

2. Did the facts stated raise the issue as to whether the 80 acres conveyed to H. B. Crowder by O. L. Miller, Trustee, thereafter continued to be impressed with the homestead character?

The homestead is by our Constitution given to the family. It is given neither to the husband nor the wife—it is protected from forced sale for all debts except those specifically mentioned in the Constitution. It cannot be sold or otherwise disposed of except as provided by law. A family can have but one rural homestead. The wife cannot have one homestead and the husband another. As long as the relation of husband and wife exists, H. B. Crowder, Sr., cannot acquire a homestead different from that of his wife. They are constituent members of the same family. The title to the land composing the homestead may be the separate property of either the husband or wife, or community property. If the purpose of the partition in this case was only to place legal title to the West half of the property in the wife and that of the East half in the husband, and if there was no intention to convey the homestead rights there would be no abandonment of the homestead. If, as indicated by the testimony of H. B. Crowder, Sr., it was the intention that should a divorce be granted,

each should have a home on the eighty acres set apart to them respectively, and that should no divorce be granted the 160 acres remain their homestead, there would be no abandonment of the homestead of their family. If by reason of the partition there was no abandonment, a pretended conveyance by H. B. Crowder, Sr., to his son, after he and his wife had become reconciled and were living together, without her knowledge, would not be an abandonment of a part of their homestead. Crockett v. Templeton, 65 Texas, 135.

It follows we think that question No. 1 should be answered in the negative and question No. 2 in the affirmative, and we so recommend.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. C. Cureton, Chief Justice.