

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 14, 1973

Honorable Franklin L. Smith
County Attorney of Nueces County
Corpus Christi, Texas 78401

Honorable James H. Whitcomb
County Attorney of Colorado County
Columbus, Texas 78934

Honorable Joe Resweber
County Attorney of Harris County
Houston, Texas

Opinion No. H-9

Re: Questions relating to the
Constitutional Amendment
passed on November 7th,
1972 concerning the Home-
stead Exemption for
persons over sixty-five
years of age.

Gentlemen:

Prior to November of 1972 there was no constitutional authority
for any political subdivision of the State of Texas to grant any exemption
from taxation for a homestead. An effort by the City of Wichita Falls
to grant such an exemption was held unconstitutional in <u>City of Wichita
Falls v. Cooper</u>, 170 S. W. 2d 777 (Tex. Civ. App. Ft. Worth, 1943, error
ref. ).

Section 1-b(a) of Article 8 of the Constitution of Texas provides:

"Three Thousand Dollars ($3, 000) of the
assessed taxable value of all residence homesteads
as now defined by law shall be exempt from all
taxation for all State purposes. "

Subsection (b) was added in 1972, providing, that, from and after
January 1, 1973, the governing body of any political subdivision of
the State may provide an exemption "not less than Three Thousand
Dollars ($3, 000)" of the assessed value of "residence homesteads of
persons sixty-five (65) years of age or older" from all ad valorem
taxes levied by that subdivision. Alternatively, it provides that, upon
petition of twenty percent of the voters who voted in the last preceding
election held by the political subdivision, an election shall be called to
determine "by majority vote, " whether such an exemption shall be
provided. There are other conditions not pertinent to your questions.

-36-

Each of you has asked several questions concerning the meaning and effect of this amendment.

If certain basic facts concerning homesteads are understood, then the answers to your questions are less difficult.

Section 1-b(a) of Article 8 of the Constitution speaks in terms of a residence homestead "as now defined by law".

"Homestead" is defined in Article 3833, Vernon's Texas Civil Statutes. The statute refers to it as "the homestead of a family." The courts have held that the homestead is given by our Constitution to the family, not to the husband or to the wife. Crowder v. Union National Bank of Houston, 114 Tex. 34, 261 S. W. 375 (1924).

The term "family" is not defined. However it is held that homestead is not a mere privilege accorded the head of a family. It is an estate created for the protection of each constituent member of the family, including, for instance, an adult, unmarried daughter. Reconstruction Finance Corp. v. Burguess, 155 S. W. 2d 977, (Tex. Civ. App. Waco, 1941, error ref.).

Thus, there is only one homestead per family and the husband and wife cannot each have his own separate homestead. Crowder v. Union National Bank of Houston, supra.

The mere living together without a lawful marriage, either ceremonial or at common law, does not create the necessary family and does not give rise to a homestead. Barber v. Lee, 337 S. W. 2d 637 (Tex. Civ. App. Eastland, 1960, no writ history).

Attorney General Opinion No. C-725(1966) discusses in much greater detail the precise question of whether and to what extent a family relationship is necessary.

Article 16, Section 52 of the Constitution of Texas provides that, upon the death of the husband or wife, the survivor may elect to continue to occupy the homestead as homestead. And thus the death

of a husband leaving a wife does not terminate the homestead character of their home. Cox v. Messer, 469 S. W. 2d 611 (Tex. Civ. App. Tyler, 1971, no writ history).

The Constitution, however, makes no provision for a divorced spouse. Bush Royalty Co. v. Rieley, 475 S. W. 2d 566 (Tex. 1972). Where the marriage was childless, a divorce destroys homestead rights. Steitz v. Steitz, 262 S. W. 2d 262 (Tex. Civ. App. Dallas, 1963, error dism.). Where there are children (and thus a family remaining) the homestead may continue even after divorce. White v. Edzards, 399 S. W. 2d 935 (Tex. Civ. App. Texarkana, 1966, error ref. n. r. e.).

It is not necessary that the interest in the land comprising the homestead be of any particular type. The homestead may be in separate property of either the husband or the wife or it may be in community property. Crowder v. Union National Bank of Houston, supra. A tenant in common may acquire a homestead in land he owns in common with others. Powell v. Ott, 146 S. W. 1019 (Tex. Civ.App. Texarkana, 1912, no writ history). Homestead may exist in rented premises. Davis v. Laund, 41 S. W. 2d 57 (Tex. Comm. App. 1931). A life tenant may acquire homestead rights in his life tenancy. Sullivan v. Barnett, 471 S. W. 2d 39 (Tex. 1971); Moorhouse v. Crew, 273 S. W. 2d 654 (Tex. Civ. App. San Antonio, 1954, error ref.).

Article 8, Section 1 of the Constitution of Texas requires that "Taxation shall be equal and uniform." Tax exemptions are subject to strict construction since they are the very antithesis of the equality and uniformity otherwise required. Hiltop Village Inc. v. Kerrville Ind. Sch. Dist., 426 S. W. 2d 943 (Tex. 1968).

Section 1-b(a) of Article 8 of the Constitution of Texas, added in November 1948, created a favored class of taxpayers—possessors of homesteads. Similarly the exemption permitted by subsection (b) of Article 8, Section 1-b, creates a favored class. Whether this violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States depends upon the criteria employed in determining the class. A state may classify its citizens into reasonable classes and apply different laws to each class or it may apply its laws differently according to class without violating the Equal Protection Clause. Bjorgo v. Bjorgo, 402 S. W. 2d 143 (Tex. 1956).

The Fourteenth Amendment does not prohibit or prevent classi-fication, provided classification is reasonable for the purpose of the legislation; is based on proper and justifiable distinctions, considering the purpose of the law; is not clearly arbitrary; and is not a subterfuge to shield one class and unduly burden another or to oppress unlawfully in its administration. 16 AmJur. 2d, Constitutional Law,Sec. 494, p. 860 et seq.; Carrington v. Rash, 380 U.S. 89, 13 L. Ed. 2d 675, 85 S. Ct. (1965).

Exempting persons sixty-five years of age or older from the burdens of taxation, in part, would appear to be a reasonable exercise of sovereign discretion. Many such persons are unable to work or produce income. Many are on pensions or small fixed incomes, making it difficult for them to cope with the rising costs of existence. A measure which relieves them of some financial responsibility for taxes may have the effect also of relieving the political subdivision of the need to care for them as public charges.

The exemption permitted by Article 8, Section 1-b(b) is a personal one to be claimed only by a person of sixty-five years of age or older and only to the extent of his taxable interest in the property which constitutes his residence homestead. Were this not so, and if it could be claimed by others, it might prove difficult to establish the reasonable-ness of the classification.

However, the exemption is not merely a personal one. Homestead rights can rise no higher than the interest of the claimant, and cannot affect the interests of others in the property if those interests are not subordinated to the homestead claim.

It is our opinion, therefore, that the exemption permitted by Article 8, § 16(b) applies to property in the sense that the total of all taxable interests in any piece of property are subject to the maximum exemption allowed by law, but no more, regardless of the number of persons over sixty-five who claim it as their residence homestead. On the other hand, it is personal in that it may only be claimed by and for the benefit of a person over sixty-five years of age to the extent of his personal tax liability, whether several or joint.

Turning then to the specific questions each of you has asked, the first asked by Mr. Whitcomb is whether a couple is entitled to the exemption if the husband is sixty-five as of January 1, the wife is under sixty-five and the property is community property. Since the homestead belongs to the family and it is a residence homestead of a person sixty-five or older, we answer that question "yes". This also answers Mr. Resweber's third question.

Mr. Whitcomb then asks if the result would differ if the wife were sixty-five and the husband under sixty-five, or if the property is separate property of the one over sixty-five, or if the property was the separate property of the one under sixty-five. Our answer to each of these is "no", to the extent that the one over sixty-five has any tax liability.

The second question asked by both Mr. Whitcomb and Mr. Smith and Mr. Resweber's fourth is whether a surviving spouse under sixty-five years of age would be entitled to keep the exemption if the spouse over sixty-five died after the exemption had been granted. Our answer is that, even though the property would retain its character as homestead upon the election of the surviving spouse, it would not be a residence homestead of a person sixty-five years of age or older and therefore the exemption would terminate.

Mr. Whicomb's third question and Mr. Resweber's fifth ask whether the surviving spouse keeps the entire exemption if both are eligible for the exemption on January 1st but one later dies. By Article 7151, Vernon's Texas Civil Statutes, property is listed for taxation with reference to the quantity held or owned on January 1st of each year for which it is listed or rendered. Therefore if the exemption applies on January 1st it will continue for that tax year. A surviving spouse who is not sixty-five will have the advantage of the exemption for that period of time but will lose it for the next tax year. However a surviving spouse who is sixty-five is entitled to the entire exemption in any event.

The fifth question asks whether the homestead exemption would apply where one or both of the spouses owns the property as an undivided interest with a person under sixty-five who is not living on the property. A tenant in common may have homestead rights in property he owns in common with others. If he does and if he is over sixty-five, then he may be entitled to the exemption.

-40-

Mr. Whitcomb's sixth question asks if the exemption would apply to a person owning a life estate. There may be a homestead in a life estate. Therefore our answer would be that, to the extent a person owning a life estate has a homestead, if he is over sixty-five, he may also claim the exemption.

Mr. Smith's first question is whether or not both husband and wife must be over age sixty-five to claim the exemption. Our answer is "no". Either would suffice.

Mr. Smith's third question asks what proof the tax assessor should require to establish that the taxpayer is over sixty-five. There is no definitive answer. Basically he should require whatever proof will satisfy him, within reason. Certainly a birth certificate or similar official document should suffice. But there may be other means of proof which also should be adequate.

Mr. Resweber's first question asks whether a person can qualify for the exemption if he becomes sixty-five on January 1st of the tax year. Article 7151, Vernon's Texas Civil Statutes, provides that the listing of property for taxation shall be with reference to the quantity held or owned on the first day of January. Property acquired on the first of January is to be listed by the person acquiring it. The same rule would apply to a person becoming age sixty-five on January 1. He would qualify for the exemption.

Mr. Resweber's second question deals with a person who becomes sixty-five on January second. Such a person would not be entitled to the exemption for the year in which he became sixty-five.

Mr. Resweber's sixth question asks whether, if the survivor sells the homestead, he or she will be entitled to the exemption if he buys a home at a later date. We have already indicated that, whether the survivor retains an exemption in the same homestead will depend upon whether the survivor is over sixty-five. The same will be true if the survivor sells the homestead and later reinvests the proceeds. He or she will be entitled to the exemption in the new homestead only if he or she is over sixty-five.

Mr. Resweber's seventh question asks whether the exemption would be retained if the person owning the homestead is in a rest home. Our answer would have to be that he would retain the exemption if the homestead factually qualified as his residence homestead. This is a question of fact and we are in no position to answer for all the possibilities.

Mr. Resweber in his tenth question asks about the situation where both the husband and wife are over sixty-five and are entitled to an exemption of the homestead. If they later divorce, is the person retaining ownership of the homestead entitled to continue the exemption? If the property remains homestead, as for instance if there are minor children living with the spouse, then the exemption would continue. This would be a question of fact.

- S U M M A R Y -

The exemption from ad valorem taxes
provided by Section 1-b(b) of Article 8 of the
Texas Constitution will apply if the property
constitutes the residence homestead of a person
sixty-five years of age or older, regardless of
the age of any other person interested in the
homestead, and will terminate when there no
longer is any person sixty-five years of age
or older protected by it.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee                    -42-