**In re Terry Wayne DAWSON, Debtor.**

**No. 00–20985–13.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Aug. 20, 2001.

Van W. Northern, Northern Law Firm, Amarillo, TX, for Debtor.

Coleman Young, Templeton, Smithee, Hayes, Fields & Young, Amarillo, TX, for Kaedean Bomar Dawson.

### MEMORANDUM OPINION

ROBERT L. JONES, Bankruptcy Judge.

Terry Wayne Dawson, the Debtor, claims a homestead exemption as a single adult in the property he has lived in during the pendency of his divorce, which became final after his bankruptcy was filed. The Debtor's former wife, Kaedean Dawson, objects to the claimed exemption, arguing that the Debtor is not entitled to claim a separate homestead because of the pending divorce.

This court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(B). This Memoran-

dum Opinion contains the court's findings of fact and conclusions of law. FED. R. BANKR. P. 7052 and FED. R. BANKR. P. 9014.

### Facts

In April of 1996, Terry Wayne Dawson married Kaedean Dawson. They lived in a house at 7213 W. 39th Street, Amarillo, Texas, during their marriage and established the house as their homestead. The house at 7213 W. 39th Street is the separate property of Kaedean Dawson. She acquired the home several years prior to her marriage to the Debtor. She and the Debtor moved into the 39th Street house in January 1995. They lived there until late October 1996 at which time they moved out while repairs were being performed on the house to repair damage caused by a sewer line rupture. They moved back to the house in December 1997. Kaedean still lives in the house. In October 1999, the Dawsons, citing irreconcilable differences, separated and the Debtor moved to the Garden Terrace Apartments where he has resided to date.

The Garden Terrace Apartments were purchased by the Debtor in 1995 and consist of a 0.83 acre tract of land out of Lot No. 2, in Block No. 3, of Westridge Addition Unit No. 1, an Addition to the City of Amarillo, Potter County, Texas. Apparently the Debtor, prior to his marriage to Kaedean, claimed the Garden Terrace Apartments as his homestead. During the marriage, the Debtor and Kaedean owned and managed the Garden Terrace Apartments.

Kaedean Dawson filed for divorce in January of 2000; a final decree of divorce was signed on April 13, 2001, and became final on May 14, 2001. The final decree of divorce awarded the 7213 W. 39th Street house to Kaedean Dawson and ordered the Garden Terrace Apartments to be sold with the proceeds equally divided between the Debtor and Kaedean Dawson.

During the pendency of the divorce, the Debtor filed a voluntary petition in bankruptcy under Chapter 13 of the Bankruptcy Code on October 2, 2000. Thus, at the time the bankruptcy was filed, the Debtor was residing at the Garden Terrace Apartments, which he claimed as his exempt homestead on Schedule C. Kaedean Dawson objected to the homestead exemption on December 1, 2000, asserting that the family homestead was the 39th Street house and that the Debtor is precluded from claiming any other property as his homestead during the pendency of the divorce. Following the entry of the final decree of divorce, which divided the Garden Terrace Apartments equally between the Debtor and Kaedean Dawson, the Debtor amended his Schedule C on June 4, 2001, and now claims his undivided one-half interest in the Garden Terrace Apartments as his homestead.

### Discussion

As a debtor under the Bankruptcy Code, Mr. Dawson is entitled to elect exemptions under either state or federal law. See 11 U.S.C. § 522(b). Section 522(b)(2)(A) provides that an individual debtor may exempt any property "that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition ...." 11 U.S.C. § 522(b)(2)(A). Accordingly, an individual debtor's claimed homestead exemption is determined by the facts and circumstances that exist at the time of the filing of the bankruptcy petition. In the Matter of Sandoval, 103 F.3d 20 (5th Cir.1997) (debtors' right to homestead exemption had to be determined as of date of commencement of debtors' original Chapter 13 case rather than date of conversion of Chapter

13 case to Chapter 7); *In re Spiser*, 232 B.R. 669, 672 (Bankr.N.D.Tex.1999); *In re Leonard*, 194 B.R. 807 (Bankr.N.D.Tex. 1996) (exemptions are determined as of the date of the filing of the petition); *In re Henry*, 183 B.R. 748 (Bankr.N.D.Tex. 1995); *In re Hrncirik*, 138 B.R. 835 (Bankr.N.D.Tex.1992).

■■■ The bankruptcy court looks to state law to interpret a debtor's homestead exemption rights where the debtor has selected the state exemption scheme upon the filing of the bankruptcy. *See Leonard*, 194 B.R. at 810; *Matter of Bradley*, 960 F.2d 502, 506 (5th Cir.1992), *rehearing denied*, 966 F.2d 1450 (5th Cir.1992), *cert. denied*, 507 U.S. 971, 113 S.Ct. 1412, 122 L.Ed.2d 783 (1993). Texas law allows one homestead for a family[1]. *Matter of Claflin*, 761 F.2d 1088, 1092 (5th Cir.1985) (a wife cannot have one homestead and the husband another); *see Leonard*, 194 B.R. at 810; *In re Brown*, 191 B.R. 99, 101 (Bankr.N.D.Tex.1995); *Crowder v. Union National Bank of Houston*, 114 Tex. 34, 261 S.W. 375 (Tex.1924) (a family can have but one rural homestead; the wife cannot have one and the husband another). In addition, it is well established under Texas law that the family's homestead may be the separate property of either the husband or the wife, or it may be community property, but the wife cannot have one homestead and the husband another. *In re Cumpton*, 30 B.R. 49, 51 (N.D.Tex.

1983); *see Matter of Claflin*, 761 F.2d at 1092. Finally, the owner or claimant of the property claimed as homestead, if married, may not sell or abandon the homestead without the consent of the other spouse. *See* TEX. CONST. art. 16, § 50(b); *also see* TEX. FAM. CODE. ANN. § 5.001 (whether the homestead is the separate property of either spouse or community property, neither spouse may sell, convey, or encumber it without the joinder of the other spouse); *PaineWebber, Inc., v. Murray*, 260 B.R. 815, 825 (E.D.Tex.2001) (a family may claim only one homestead and "as long as the relation of husband and wife exists, [the husband] cannot acquire a homestead different from that of his wife"); *Estate of Johnson v. C.I.R.*, 718 F.2d 1303, 1307–1308 (5th Cir.1983).

■■■ The 39th Street house was the established homestead of the Debtor and Kaedean Dawson during their marriage. They lived there together from January 1995 until October 1999 with an approximate year interruption when repairs were being made to the house. Once established, the Debtor cannot, as set forth above, unilaterally abandon or change the homestead.

The Debtor asserts that he should be entitled to claim a separate homestead because, he contends, Texas law dictates that a divorce destroys homestead rights. *See Tanton v. State National Bank of El Paso, Texas*, 125 Tex. 16, 79 S.W.2d 833 (1935).[2]

---

1. " 'Family' includes individuals related by consanguinity or affinity, as determined under Sections 573.022 and 573.024, Government Code .... Tex. Fam. Code Ann. § 71.003 (West Supp.2001)." *See Romero v. State*, 2001 WL 617504, *2 (Tex.App.—Austin 2001, no writ). Section 573.024 of the Texas Government Code states that two individuals are related to each other by affinity if they are married to each other. *See* Tex. Gov't Code Ann. § 573.024 (West 2001).

2. *But see United States v. Rodgers*, 461 U.S. 677, 685, 103 S.Ct. 2132, 2138, 76 L.Ed.2d 236 (1983) (the homestead character of property is not destroyed even by divorce, if one of the parties to the divorce continues to maintain the property as a proper homestead under Texas law); *In re Brown*, 191 B.R. 99, 101 (Bankr.N.D.Tex.1995) (Judge McGuire noted that the *Tanton* holding is predicated on an old version of the Texas Constitution that has since been amended to provide: "The homestead of a family, *or of a single adult person,*

The Debtor's argument misses the point. Since a family is entitled to one homestead, the Debtor cannot claim a separate homestead from that established by the family until a final and enforceable decree of divorce is rendered and the familial relationship, here the marriage, is terminated. TEX. GOV'T CODE ANN. § 573.024(b) (Vernon 2000) (divorce terminates family relationships established by marriage).[3] The Debtor's argument is immaterial as there is no question that, upon entry of a final decree of divorce, an adult single person is allowed to establish a separate homestead. The Debtor's problem here is that his homestead rights are determined as of the date of his bankruptcy filing, at which time he was still married to Kaedean. The Debtor is therefore precluded from claiming a homestead different than the family homestead that he and Kaedean previously established.

## Conclusion

Kaedean Dawson's objection is sustained and the Debtor's claimed homestead exemption in the Garden Terrace Apartments is denied. The court will prepare an order in conformance with this Memorandum Opinion.

shall be, and is hereby protected from forced sale," and, therefore, "a divorce no longer destroys homestead rights for parties keeping title of the home."); *Eggemeyer v. Eggemeyer,* 623 S.W.2d 462, 465 (Tex.App.—Waco 1981, writ dism'd w.o.j.).

3. For the purpose of fixing a date on which the divorce becomes enforceable, "[a] judgment is rendered when the court makes an official announcement, either in writing or orally in open court, of its decision upon the matter submitted for adjudication." *In re Bland,* 960 S.W.2d 123, 124 (Tex.App.—Houston [1st Dist.] 1997, no pet.). In *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969), the court held that oral rendition of divorce constituted a final judgment, even though not signed until after the spouse died. "Once a judgment is rendered by oral pronouncement, entry of a written judgment is purely a ministerial act." *Id.* at 832–833.